UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>THREE UNKNOWN NAMED DMV JOHN DOE EMPLOYEES, JAMESTOWN POLICE DEPARTMENT, JANE DOE UNKNOWN NAMED SECRETARY, UNKNOWN NAMED JOHN DOE IDAHO SUPERVISOR OF DMV.,<br><br>Defendants. | Case No. 1:19-cv-00206-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Michael Hunter's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1)("Application"). Pursuant to 28 U.S.C. §1915, the Court must review Hunter's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at \*1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Hunter's Complaint to ensure it meets the minimum required standards.

After review of the relevant documents, and for the reasons explained below, the Court will DENY WITHOUT PREJUDICE Hunter's Application and will also DISMISS WITHOUT PREJUDICE this case and allow Hunter an opportunity to amend. If Hunter chooses to amend his Complaint, the Court will also allow him to submit another application to proceed in forma pauperis.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has examined Hunter's Application and finds it is lacking in both form and substance. To begin, Hunter's attached statement fails to qualify as a legal affidavit as he does not swear or affirm under penalty of perjury that what he states is true. *See* 28 U.S.C. § 1746. Though Hunter states "I verify this is true," his verification is insufficient to qualify as an affidavit. *Id.* Further, nowhere in Hunter's attached statement does he state

that he is unable to pay for any of the costs that accompany the filing of this lawsuit. Though the omission of a few words might appear to be a trivial basis to reject the Application, these key words are crucial to any application to proceed in forma pauperis. *See Adkins*, 335. U.S. at 339. Thus, the Court is unable to consider Hunter's attached statements with his Application and it is therefore DENIED WITHOUT PREJUDICE. Hunter will be given leave to submit another application to proceed in forma pauperis should he chose to amend his Complaint.[1]

As will be explained in the next section, the Court must dismiss this case for the time being due to Hunter's inadequate allegations. The Court next turns to its initial review of Hunter's Complaint.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447

---

[1] If Hunter elects to amend his Complaint and re-submit an application, he may obtain information and forms at the Court's website: https://id.uscourts.gov/district/pro_se/Self_representation.cfm.

(9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, Hunter seems to allege a 42 U.S.C. § 1983 claim founded on a multi-state conspiracy to suspend his driver's license. Dkt. 2. Based on a favorable reading of the Complaint, Hunter claims that three DMV employees from the state of Washington; the Jamestown, North Dakota police department, mayor, chief of police, and the secretary of the department of transportation; and a supervisor of the Idaho DMV conspired together to suspend and/or revoke his driver's license. He seeks: (1) a temporary restraining order, though he does not specify the subject matter or the parameters; (2) declaratory judgment holding that the named defendants denied him his Constitutional rights; and (3) fifty million dollars in compensatory damages. Dkt. 2 at 16-17.

Throughout his Complaint, Hunter's allegations and claims are disorganized and confusing. For example, Hunter contradicts himself by first stating he was issued a driver's license in the state of Washington (Dkt. 2 at 8) but then claims the truth is he has never had a driver's license (Dkt. 2 at 15). Additionally, the Court is unable to glean each Defendants' involvement in the conspiracy and/or actual violation of Hunter's rights as Hunter fails to plainly lay out facts regarding the actions these Defendants took, whether individually or collectively.

Further, the Court is unsure which of Hunter's rights he believes Defendants violated. In his Complaint, Hunter includes a memorandum of law as an exhibit in which he appears to allege that the Defendants violated his right to travel, which he believes is synonymous with a right to a driver's license—but the Court cannot be sure this is what he is actually alleging.

The Court is aware that the facts alleged alone may not be enough to survive dismissal, *Whitsitt v. Alameda Cty*, 15 F.3d 1095 (9th Cir. 1993) (dismissing with prejudice a factually similar case while reviewing an application to proceed in forma pauperis), but believes that an opportunity to amend and clarify the pleadings may remedy the deficiencies and will provide the Court with a clearer answer.

## IV. CONCLUSION

Hunter's Application is flawed in that a proper affidavit is not attached, nor does Hunter state that he cannot pay the filing fee. The Court will allow Hunter an opportunity to submit another application to proceed in forma pauperis should he chose to amend his Complaint. Furthermore, the Court finds the Complaint is not sufficiently clear in laying out claims against the named Defendants and will allow Hunter an opportunity to amend his Complaint as well.

## V. ORDER

1.  Hunter's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is DENIED WITHOUT PREJUDICE. The Court grants Hunter leave to file another application in substantial compliance with the Court's analysis above.

2.     Hunter's Complaint (Dkt. 2) is deficient as the factual basis of his claims are unclear. His Complaint is therefore DISMISSED WITHOUT PREJUDICE. The Court grants Hunter leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Hunter must file his Amended Complaint within thirty (30) days of the issuance of this Order.

3.     Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: September 11, 2019

David C. Nye
Chief U.S. District Court Judge